IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMIE THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:16-CV-3453-BT |
| | § | |
| NANCY A. BERRYHILL, Acting | § | |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Plaintiff Jamie Thomas brings this action for judicial review of the final decision of the Acting Commissioner of the Social Security Administration denying her claim for disability insurance benefits under Title II of the Social Security Act, pursuant to Title 42, United States Code, Section 405(g). For the following reasons, the final decision of the Commissioner is REVERSED, and this case is REMANDED for proceedings consistent with this Memorandum Opinion and Order.

BACKGROUND

On July 17, 2014, Plaintiff filed her initial claim alleging that she is disabled due to Crohn's disease, bipolar II disorder, and panic disorder with agoraphobia. Tr. 80 [ECF No. 11-4 at 2]. After her application was denied initially and upon reconsideration, a hearing was held on May 17, 2016, in Dallas, Texas, before

1

Administrative Law Judge Kevin Batik (the "ALJ"). Tr. 32 [ECF No. 11-3]. Plaintiff was born on April 8, 1956 and was 60 years old at the time of the hearing. Tr. 32 & 80. Plaintiff graduated high school and attended college for two years. Tr. 240 [ECF No. 11-7]. Plaintiff has past work experience as a billing collection representative. Tr. 21 [ECF No. 11-3]. On July 12, 2016, the ALJ issued his decision finding that Plaintiff has not been under a disability, as defined in the Social Security Act, from her alleged onset date of March 7, 2014 through the date of his decision. Tr. 21 [ECF No. 11-3].

The ALJ determined that Plaintiff had the following severe impairments: bipolar disorder, degenerative disc disease of the lumbar and cervical spine, degenerative joint disease of the shoulder, and diabetes mellitus. Tr. 15 [ECF No. 11-3]. The ALJ determined that Plaintiff does not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in Title 20, Code of Federal Regulations, Part 404, Subpart P, Appendix 1. Tr. 17 [ECF No. 11-3]. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in Title 20, Code of Federal Regulations, Section 404.1567(b). Tr. 18 [ECF No. 11-3].

The ALJ determined that Plaintiff: (1) could occasionally climb ramps and stairs; (2) could occasionally balance, kneel, crouch, and reach overhead with the dominant upper extremity; (3) was precluded from crawling or using ladders, ropes, or scaffolds; (4) could understand, remember, and carry out detailed, but

2

not complex tasks and instructions; (5) was able to respond to changes in a routine work setting; and (6) could have occasional interactions with coworkers, supervisors, and the public. Tr. 18. The ALJ determined that Plaintiff was able to perform her past relevant work as a billing collection representative, because this work does not require the performance of work-related activities precluded by Plaintiff's RFC. Tr. 21 [ECF No. 11-3].

Plaintiff appealed the ALJ's decision to the Appeals Council, and on October 20, 2016, the Appeals Council affirmed the ALJ's decision. Tr. 2 [ECF No. 11-3]. Plaintiff filed this action in the federal district court on December 19, 2016. Compl. [ECF No. 1].

## LEGAL STANDARDS

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether

the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow

5

formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

ANALYSIS

Plaintiff argues that the ALJ erred by failing to explicitly apply the factors set forth in Title 20, Code of Federal Regulations, Section 404.1527(c)[1] ("Section

---

[1] Sections 404.1527(c) and 416.927(c) state in part the following:

> (c) How we weigh medical opinions. Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.
> 
> (1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
> 
> (2) Treatment relationship. Generally, we give more weight to opinions from your treating sources . . . . When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.
> 
> (i) Length of the treatment relationship and the frequency of examination. Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.
> 
> (ii) Nature and extent of the treatment relationship. Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided

404.1527(c)") before rejecting Plaintiff's treating and examining physicians' opinions. Pl.'s Br. 23-24 [ECF No. 20]. Plaintiff argues that the ALJ rejected the opinions of Plaintiff's treating physician Dr. Marlon Padilla, Plaintiff's treating psychiatrist Dr. Kazia Luszczynska, and Plaintiff's examining physician Dr. Paul Patrick regarding Plaintiff's physical and mental limitations without applying the Section 404.1527 factors or identifying controverting medical opinions. Pl.'s Br. 23-24.

As the ALJ acknowledged, Dr. Padilla was Plaintiff's treating physician. The record reflects that Plaintiff had six office visits with Dr. Padilla. Pl.'s Br. 18 (citing Tr. 20 [ECF No. 11-3]; Tr. 352-53, 355-58 [ECF No. 11-9]). Dr. Padilla opined that Plaintiff was more physically and mentally limited than the ALJ's finding. Pl.'s Br. 18-19 (citing Tr. 18 [ECF No. 11-3]; Tr. 532-37 [ECF No. 11-12]; P.O.M.S. DI 25020.010B.2). Dr. Luszczynska, Plaintiff's psychiatrist at Dallas Metrocare, opined that Plaintiff had a substantial loss in her ability to maintain concentration and attention for extended periods of time and in her ability to

---

and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories.
(3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.
(4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.
(5) Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.
(6) Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion.

20 C.F.R. §§ 404.1527(c), 416.927(c).

perform at a consistent pace. Pl.'s Br. 19 (citing Tr. 875 [ECF No. 11-16]). Dr. Luszczynska also opined that Plaintiff had a substantial loss in her ability to interact with supervisors and coworkers, and was more limited in her ability to adapt to changes in a routine work setting. Pl.'s Br. 19-20 (citing Tr. 875-76 [ECF No. 11-16]). Furthermore, Dr. Luszczynska anticipated that Plaintiff would miss about two days of work per month. Pl.'s Br. 20 (citing Tr. 877 [ECF No. 11-16]). Dr. Patrick, a consultative examiner, gave an assessment of Plaintiff's work-related functions based on an interview, a review of the record, and a physical examination. Pl.'s Br. 20 (citing Tr. 478 [ECF No. 11-10]). Contrary to the ALJ's RFC finding, Dr. Patrick determined that Plaintiff could not lift more than 10 pounds, and that Plaintiff was limited to sitting for 30 to 60 minutes, standing for one hour, and walking half of a block. Pl.'s Br. 20 (citing Tr. 478).

Plaintiff argues that there is a foundational error in the ALJ's analysis of Dr. Padilla's and Dr. Luszcznyska's opinions in that the ALJ failed to recognize the special deference accorded to treating sources' opinions when they are not given controlling weight. Pl.'s Br. 22. Plaintiff argues that the ALJ's failure to explicitly acknowledge this fundamental legal principal strongly suggests that he did not apply the proper legal standard in evaluating the treating sources' opinions in this case. Pl.'s Br. 22. Plaintiff argues that there was no "reliable medical evidence from a treating or examining physician" that controverted the opinions of Dr. Padilla and Dr. Luszcznyska. Pl.'s Br. 24 (citing *Newton v. Apfel*,

209 F.3d 448, 453 (5th Cir. 2000)). Plaintiff argues that the only other opinion evidence in the record was from non-examining state agency medical consultants, which by themselves do not constitute substantial evidence. Pl.'s Br. 24 (citing *Kneeland v. Berryhill*, 850 F.3d 749, 751 (5th Cir. 2017); *Strickland v. Harris*, 615 F.2d 1103, 1109 (5th Cir. 1980)).

In the response, the Commissioner argues that the ALJ discussed treatment notes by several of Plaintiff's treating and examining physicians, and that Plaintiff ignores the ALJ's discussion of this other first-hand evidence that contradicts the severe limitations imposed by Dr. Padilla, Dr. Luszczynska, and Dr. Patrick. Def.'s Br. 4 [ECF No. 21]. The Commissioner argues that the ALJ is only required to consider the Section 404.1527 factors, and the ALJ does not need to perform a detailed analysis of each of the factors if the ALJ cites good cause to give little weight to the treating physicians' opinions. Def.'s Br. 19. The Commissioner argues that reliance on unpublished opinions of the district courts in the Northern District of Texas that require more of the ALJ ignores and contradicts the Fifth Circuit's holdings concerning the application of the Section 404.1527 factors. Def.'s Br. 20.

In the reply, Plaintiff argues that the Fifth Circuit in *Kneeland*, perhaps to clarify the conflicting unpublished cases the Commissioner cites, reiterated *Newton* by stating that the ALJ must perform a detailed analysis of the Section 404.1527 factors, unless there is reliable controverting medical evidence from an

examining or treating physician. Reply 2-3 (citing *Kneeland*, 850 F.3d at 760; *Newton*, 209 F.3d at 453). Plaintiff argues that the Commissioner has not cited any examining or treating source who gave a conflicting opinion regarding Plaintiff's ability to work. Reply 3. Plaintiff argues that Dr. Patrick was the only other examining source who gave an opinion as to Plaintiff's physical ability to work, and his opinion supports Dr. Padilla's opinion. Reply 3. Plaintiff argues that the Commissioner points out that the ALJ relied on treatment notes from Dr. Padilla and Dr. Luszczynska to reject their opinions as being inconsistent with other evidence, but a physician's own records do not constitute competing first hand medical evidence. Reply 3-4 (citing *Howeth v. Colvin*, 2014 WL 696471, at *8 (N.D. Tex. Feb. 24, 2014)). Plaintiff further argues that the Commissioner's post hoc argument that the ALJ discussed facts that suggest that the ALJ considered the Section 404.1527 factors should be rejected, because the Court is not able to assume that the ALJ fully considered the evidentiary support for and against the opinions of both Dr. Padilla and Dr. Luszczynska. Reply 4 (citing *Osborn v. Berryhill*, 2017 WL 2312910, at *5 (N.D. Tex. May 11, 2017)).

In *Kneeland v. Berryhill*, the Fifth Circuit stated the following:

> [O]pinions from treating physicians are generally entitled to significant weight. This Court has "long held that 'ordinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability.'" In *Newton v. Apfel*, this Court concluded that "absent reliable medical evidence from a treating or examining physician

10

> controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527[]."

*Kneeland*, 850 F.3d at 760 (quoting *Newton*, 209 F.3d at 453). *See also Yearout v. Astrue*, 2010 WL 4860784, at *10 (N.D. Tex. Oct. 26, 2010) ("The ALJ here did not find as a factual matter, and based on competing first-hand evidence, that another doctor's opinion was more well-founded than Dr. Berger's opinion, or weigh Dr. Berger's opinion on disability against the medical opinion of other physicians who had treated or examined Plaintiff and had specific medical bases for a contrary opinion. . . . The ALJ was therefore required to perform the six-factor analysis outlined in 20 C.F.R. § 404.1527[] before rejecting Dr. Berger's opinion. . . . [T]he case must be remanded to the Commissioner for reconsideration of Dr. Berger's opinion under the factors set out in 20 C.F.R. § 1527[]."); *Gittens v. Astrue*, 2008 WL 631215, at *5 (N.D. Tex. Feb. 29, 2008) ("The court [] finds that the ALJ had a duty to explain why these medical opinions from a treating physician were rejected and to conduct the analysis required by 20 C.F.R. § 404.1527[(c)].").

As Plaintiff argues, the Commissioner's assertion that the record contains competing first hand evidence controverting the opinions of Plaintiff's treating and examining physicians is not supported by the record. "'[M]edical notes that do not give an opinion on Plaintiff's physical limitations in the workplace or what

activities [she] would be able to perform do not controvert the opinion of Plaintiff's treating physician.'" *Osborn*, 2017 WL 2312910, at *4 (quoting *Wilkerson v. Berryhill*, 2017 WL 109160, at *3 (N.D. Tex. Mar. 23, 2017)); *Thornhill v. Colvin*, 2015 WL 232844, at *10 (N.D. Tex. Dec. 15, 2014) ("The problem with the ALJ's RFC determination is, as Plaintiff argues, that the ALJ rejected any medical opinion addressing or touching on Plaintiff's condition's effect on her ability to work and relied on progress notes that do not themselves address Plaintiff's work limitations.").

Without a detailed analysis of the Section 404.1527 factors, the Court is unable to determine whether the ALJ would have come to a different conclusion had he given more consideration to Plaintiff's treating physicians' opinions. *See Wilder*, 2014 WL 2931884, at *6 ("On the record before it, the Court cannot say that the failure to conduct the detailed analysis is harmless error. Had the ALJ conducted that analysis, there is a realistic possibility that he would have given greater weight to the opinions of the treating physician."). Because there is a realistic chance that the ALJ could have come to a different result, the Court concludes that the ALJ's decision is not supported by substantial evidence.[2]

---

[2] The Court pretermits consideration of Plaintiff's alternative arguments as she can raise them before the ALJ on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## CONCLUSION

For the foregoing reasons, the final decision of the Commissioner is REVERSED, and this matter is REMANDED for proceedings consistent with this Memorandum Opinion and Order.

SO ORDERED.

March 26, 2018.

_____
REBECCA RUTHERFORD
U.S. MAGISTRATE JUDGE